*W. W. Cleary and W. P. D. Bush, for appellant.*

*Fisk & Fisk, for appellee.*

---

## LEWIS LENTY v. JOSHUA B. PARKS.

**Averments Required in Petition for Slander.**

    A petition for damages on account of slander, to be sufficient, must aver that the false words spoken were maliciously spoken of and concerning the plaintiff.

**Slanderous Words.**

    To say of another that "I will have Parks indicted for forgery by the grand jury" is a cause of action for slander, as the words carry with them a charge of a criminal nature.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

March 18, 1880.

OPINION BY JUDGE PRYOR:

This was an action of slander instituted by Parks against Lenty, and containing three counts.

In the first count it is alleged that the appellant in the presence and hearing of divers persons, spoke of and concerning the appellee the following false, defamatory and slanderous words, to wit: "That Josh Parks, meaning plaintiff, had forged that letter, meaning the letter aforesaid, which he, meaning the plaintiff, had filed with his, meaning plaintiff, motion for a new trial (meaning plaintiff's motion in suit No. 30,421 as aforesaid), thereby meaning that the plaintiff had committed the crime of forgery."

The second count contains in substance the same allegation. In the third count it is alleged that the appellant, in the presence and hearing of divers good persons, spoke of the plaintiff these false, defamatory and slanderous words: "I, meaning defendant, intend to have Josh Parks, meaning plaintiff, indicted for forgery before the grand jury, meaning the grand jury of Jefferson county."

Each count in the petition is fatally defective in failing to allege that the words were maliciously spoken of and concerning the plaintiff, and while this defect may have been cured by the amended pleading filed after the first trial, yet, in our opinion, it still left the appellee without a cause of action. There is nothing in the letter written by the appellant to the appellee from which a libel or slander can be implied, but on the contrary it seems to have reference to a business transaction between the two parties in which the appellant notifies the appellee that at the proper time he (the appellant) would have plenty of money.

The letter reads:

"Mr. J. B. Parks:

Dear Sir:—I received your note to-day. I know I am to get one-third of the office if you are elected, and will have plenty of money at the proper time.                    L. LENTY."

It is alleged in the petition as amended that the appellant had obtained a judgment against the appellee for a large sum of money in an action for money had and received, or for money loaned him by the appellant, and that after the rendition of the judgment the appellee filed grounds for a new trial, and these grounds accompanied the letter already alluded to as evidence conducing to sustain his defense, the defense being that the money for which the judg-

ment was obtained was expended for the purpose of .securing Parks' election as marshal, and that Lenty, under an agreement between them, was to make this expenditure, and as a consideration therefor become Parks' deputy.

It is also alleged that the appellant, in speaking of this letter, pronounced it a forgery, but it is not alleged that those present and to whom the words were spoken knew the character of the action in which the judgment against the appellee had been obtained; nor is it alleged that the action between the parties was the subject of the conversation between the appellant and those to whom the alleged slander was spoken and published. Nor is it averred that the bystanders knew the contents of the letter, the action to which it had reference, or its relevancy to the issue made. That such an action was instituted and a judgment rendered, with the additional statement that a letter was written to and received by Parks from Lenty, and made one of the grounds for a new trial, are facts definitely stated, but there is an entire failure to allege that the parties present and who heard the alleged slanderous words knew or were then informed of the principal facts alleged.

There is nothing slanderous in the letter exhibited, and no colloquium, between the appellant and those he was addressing, authorizing the listeners to conclude that the appellant was charging the appellee with the commission of a crime that would subject him, if true, to punishment or to a criminal prosecution.

It will not be presumed that the bystanders knew the character of the action ·brought by the appellant, or the nature of the agreement between the two, with reference to the office, nor that they were informed as to the contents of the letter, or its relevancy to the question at issue on the motion for a new trial. The amendment filed applies to every count in the original petition, but in the third count it is directly alleged that appellant said of the appellee, "I will have Parks indicted for forgery by the grand jury." These words, if proven, constituted a cause of action and carried with them a charge of a criminal nature. The case, however, went to the jury on the other counts as well as the third count, when the first and second counts contained no cause of action, and for that reason the judgment must be *reversed* and cause remanded for further proceedings.

The questions on the pleadings have alone been considered.

*S. S. Parks, William Lindsay, D. M. Rodman, John Rodman, for appellant.  E. E. McKay, for appellee.*